UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

JEREMIAH L. PETERMAN,

    Plaintiff,

v.

SENECA COUNTY, et al.,

    Defendants.

───────────────────────────────

21-CV-562-JLS
ORDER

    *Pro se* Plaintiff Jeremiah L. Peterman filed this civil rights action and asserted claims under 42 U.S.C. § 1983. He alleges that Defendants violated his constitutional rights in connection to the prosecution of two criminal cases. The Court previously granted Plaintiff's request to proceed *in forma pauperis* and conducted an initial review of the Complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Dkt. 6. The original Complaint was dismissed with leave to replead the following claims: inadequate conditions of confinement; denial of access to courts; false arrest; malicious prosecution; the claims against his defense attorneys, Defendants Ricci, Mideri, and Nabiner; and the claims against Seneca County and the Town of Seneca Falls, New York. All other claims were dismissed with prejudice.

    Currently pending before the Court is Plaintiff's Amended Complaint. Dkt. 7. The factual allegations in the Amended Complaint are substantially similar to the allegations in the original Complaint, and will not be repeated here. For the following reasons, the Amended Complaint is dismissed with prejudice.

## DISCUSSION

### I. Legal Standard

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). Courts must dismiss a complaint in a civil action when "a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity," 28 U.S.C. § 1915A(a), if the court determines that the complaint: "(1) . . . fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

#### A. The Amended Complaint

In evaluating pleadings, courts must accept all factual allegations as true and must draw all inferences in the plaintiff's favor. *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and the plaintiff "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotations omitted). And "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations." *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004).

However, even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004). Despite the liberal construction requirement, "the Federal

Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context." *Ashcroft v. Iqbal*, 556 U.S. 662, 686-87 (2009).

### B. Section 1983

To state a valid claim under 42 U.S.C. § 1983, the plaintiff "must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

To establish liability under Section 1983, a plaintiff must allege that the individual defendant's personal involvement caused the alleged constitutional violation. *McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004). The theory of *respondeat superior* is not available in a Section 1983 action. *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). "[T]here is no special rule for supervisory liability. Instead, a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (quoting *Ashcroft*, 556 U.S. at 676).

3

### III. Analysis

#### A. Claims against Seneca County and the Town of Seneca Falls

Plaintiff has realleged his claims against Seneca County and the Town of Seneca Falls. The Court previously determined that Plaintiff failed to allege any of the challenged conduct of either Seneca County or Seneca Falls occurred pursuant to an official custom or policy, which is necessary to sustain municipal liability claims under Section 1983. Dkt. 6 at 10-11. Plaintiff has failed to cure these deficiencies. Therefore, these claims are dismissed with prejudice.[1]

#### B. Claims against Defense Attorneys Ricci, Mideri, Nabiner

Plaintiff has also realleged the claims against his previous defense attorneys, Defendants Ricci, Mideri, and Nabiner. As stated in the Court's prior screening order, a claim brought under Section 1983 requires that the defendant be acting under "color of state law." *Id.* at 12-13. Defense attorneys, including court-appointed counsel, are generally not liable under Section 1983. *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997). The Court previously explained that private parties may be alleged to act under color of state law if "the private actor is a willful participant in joint activity with the State or its agents," and that there were no such allegations in the original Complaint. Dkt. 6 at 13. The Amended

---

[1] To the extent that these claims are predicated on the actions of prosecutors in their prosecution of him, "they necessarily fail, as it is well established that New York prosecutors act on behalf of the state, not the county in which they serve, when prosecuting a criminal matter." *Schnitter v. City of Rochester*, 556 F. App'x 5, 9 n.4 (2d Cir. 2014) (summary order) (citing *Baez v. Hennessy*, 853 F.2d 73, 77 (2d Cir. 1988)).

Complaint is also devoid of such allegations. Therefore, the claims against Defendants Ricci, Mideri, and Nabiner are dismissed with prejudice.

### C. False Arrest and Malicious Prosecution

Plaintiff has also realleged his claims for false arrest and malicious prosecution. The Court previously concluded that probable cause is a complete defense to false arrest claims. *Id.* at 14. The Court also concluded that malicious prosecutions claims require, among other things, a lack of probable cause and a showing of malice. *Id.* at 15. The Amended Complaint has failed to rebut the Court's previous determination that probable cause existed and has failed to establish malice. Therefore, these claims are dismissed with prejudice.

### D. Access to Courts

The Court previously determined Plaintiff, "failed to allege injury to an existing legal action as a result of being quarantined and lack of access to LEXIS NEXIS updates," and granted him leave to amend this claim. *Id.* at 16-17. Plaintiff has failed to cure these deficiencies. The amended pleadings and voluminous attachment of exhibits reveal that Plaintiff submitted numerous requests, affidavits, letters, written objections, and other court filings related to his criminal cases. Nothing suggests that Plaintiff suffered any injury to a non-frivolous legal claim as a result of pandemic-related restrictions or limited access to legal research material. This claim is dismissed with prejudice.

### E. Conditions of Confinement

As discussed in the Court's prior screening order, to present a viable conditions-of-confinement claim, the pleadings must satisfy an objective prong and a subjective prong. *Id.* at 18-19. The Court previously determined that Plaintiff failed to show the condition of his confinement posed an unreasonable risk of serious injury to his health, which would satisfy the objective prong. *Id.* at 19. The Court further determined Plaintiff failed to allege each Defendants personal involvement, which is required for Section 1983 claims. *Id.* at 20. The Amended Complaint fails to cure these deficiencies. Therefore, this claim is dismissed with prejudice.

### F. Mail Interference

To the extent that Plaintiff raises a related violation of his First Amendment right to receive and send mail, this claim is also dismissed. "[A] prisoner's right to the free flow of incoming and outgoing mail is protected by the First Amendment[.]" *Bacon v. Phelps*, 961 F.3d 533, 543 (2d Cir. 2020) (quoting *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003)). This right is violated if a prison "regularly and unjustifiably" interferes with a prisoner's legal mail. *Ahlers v. Rabinowitz*, 684 F.3d 53, 64 (2d Cir. 2012) (quoting *Davis*, 320 F.3d at 351). Even "as few as two incidents of mail tampering could constitute an actionable violation (1) if the incidents suggested an ongoing practice of censorship unjustified by a substantial government interest, or (2) if the tampering unjustifiably chilled the prisoner's right

of access to the courts or impaired the legal representation received." *Davis*, 320 F.3d at 351.

Plaintiff has not alleged an ongoing practice of tampering, censorship and/or destruction of his mail. *See, e.g.*, Dkt. 7 at 90-100 (denying Plaintiff's mail grievances on the merits, explaining that the prison inspected the non-legal mail from his brother for contraband, in accordance with policies, procedures, and the inmate rule book, before giving it to the inmate). And as previously determined, he has not been improperly denied access to courts. Nor has the legal representation he received been impaired. Accordingly, his mail-interference claim is dismissed with prejudice.

### G.  Remaining Claims

To the extent that the Amended Complaint can be construed as reasserting any claims already dismissed with prejudice, those claims are dismissed with prejudice for the reasons stated in the Court's prior screening order.

## CONCLUSION

For the reasons stated above, the Amended Complaint is dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B) and 1915A(b). The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED.**

Dated:    March 17, 2022
          Buffalo, New York

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE